## W. J. LEWIS v. JAMES P. NALL.

**Equity—Guardian and Ward—Necessities for Ward's Maintenance.**
   A ward cannot hold her guardian responsible for necessities furnished her, beyond her annual revenue which he had a right to anticipate, in the belief that ultimately the aggregate outlay would not exceed the aggregate income.

**Same.**
   The matrimonial outfit of the ward is held to be "necessities" in a suit by a ward against her guardian for recovery of amounts advanced her beyond her annual income.

**Same—Accounting—Waiver of Rights.**
   A settlement with a guardian by his ward and her husband, based on the commisisoner's report, is held to waive her right of action against the guardian for payments to her upon her order, though they exceed her annual income.

APPEAL FROM M'LEAN CIRCUIT COURT.

October 9, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

In equity the ward cannot hold her guardian responsible for the supply of necessaries, and especially, in her matrimonial outfit, beyond her annual revenue which he had a right to anticipate on such occasions, when her prospective income before the abolition of slavery justified the belief that ultimately the aggregate outlay would not exceed her aggregate income.

. Nor can she justly hold him liable for her one-fifth of the price

for which the slave Baily was sold. The sale was apparently prudent and rightful; the administrator who held him concurring with the guardian of all the wards. And there does not appear to have been any culpable negligence in failing to collect the debt.

Moreover the settlement by the commissioner brought the ward in debt to the guardian and the settlement with him by herself and husband waived all those matters and left them in his debt, which they attempted to pay by an order on the administrator.

Under all these circumstances the appellants have no just cause to complain of the judgment dismisisng their petition and allowing the appellee nothing, which is affirmed.

*Bickers, for appellant.*